**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

CLAUDIA LIZZETTE LANDEVERDE-
FLORES, a.k.a. Claudia L. Landaverde-
Flores,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-74313

Agency No. A095-718-912

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Claudia Lizzette Landeverde-Flores, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and the BIA's order denying her motion to accept a late filed brief. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we review de novo due process claims, *Ram v. INS* 243 F.3d 510, 516 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Landeverde-Flores failed to establish past persecution or a well-founded fear of future persecution on account of an anti-gang political opinion or membership in a particular social group. *See Santos-Lemus*, 542 F.3d at 745-47; *see also Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009). Because Landeverde-Flores failed to demonstrate that she was persecuted or fears future persecution on account of a protected ground, we deny the petition as to her asylum and withholding of removal claims. *See Santos-Lemus*, 542 F.3d at 748.

We lack jurisdiction to consider Landeverde-Flores' CAT claim because she did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

We also lack jurisdiction to consider Landeverde-Flores' contention that the BIA abused its discretion in refusing to accept her late-filed brief. *See Zetino v. Holder*, 596 F.3d 517, 524-25 (9th Cir. 2010). Finally, we reject Landeverde-Flores' due process contention regarding the BIA's refusal to accept the brief because the BIA reached the merits of her appeal and affirmed the IJ's finding in a reasoned decision. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (holding that no due process violation exists unless "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**